James Do Kim, Esq. (SBN 231038)
Law Offices of Do Kim, APLC
3435 Wilshire Blvd., Suite 2700
Los Angeles, CA 90010
Tel: (213) 251-5440
Email: dkim@dokimlaw.com

Attorney for Plaintiff
CUAUHTEMOC LUGO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

CUAUHTEMOC LUGO,

          PLAINTIFF,

       V.

CITY OF LOS ANGELES; OFFICER
CARLOS; OFFICER DEHARO;
SERGEANT JOHNSON, SERGEANT
KIEFER, and DOES 1 through 10,
inclusive,

          DEFENDANTS.

Case No.  2:24-cv-05496

**COMPLAINT FOR DAMAGES:**

**DEPRIVATION OF CIVIL RIGHTS
PURSUANT TO 42 U.S.C. §1983**
1. Excessive Use of Force;
2. Unlawful Detention;
3. False Arrest & Imprisonment;
4. *Monell* Violations;
5. False Evidence Violations;
6. Joint Action/Conspiracy (False
   Evidence Violations); and
7. Supervisorial Liability.

**DEMAND FOR JURY TRIAL**

Plaintiff CUAUHTEMOC LUGO, on information and belief, makes the following allegations to support this Complaint:

## **VENUE AND JURISDICTION**

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).  This action arises under the laws of the United States and of California.  Plaintiff seeks to redress deprivations by the Defendants, acting under color of federal and state laws, of rights secured to him by the Constitution, and the laws of the United States and the state of California.

2.      Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because the events, injuries, and violations of rights alleged herein occurred within the City of Los Angeles, California, which is within this district, and because the Defendants, or some of them, reside within the jurisdictional boundaries of this Court.

## **THE PARTIES**

3.      Plaintiff CUAUHTEMOC LUGO (hereinafter "Plaintiff") is a resident of the City of Los Angeles, County of Los Angeles, and State of California.  At the time of the incident alleged herein, he was a minor and was 16 years old.  Plaintiff is now an adult.

4.      Plaintiff timely filed a tort claim with the City of Los Angeles and the claim was denied.  However, due to the ongoing criminal case against Plaintiff, the statute of limitations was tolled until its completion.  The criminal case against Plaintiff was dismissed on or about February 21, 2024.  This action is timely filed thereafter.

5.      At all times herein mentioned, Defendant CITY OF LOS ANGELES was and is a public entity duly organized and existing under and by virtue of the laws of the State of California.  The Los Angeles Police Department ("LAPD") is a subdivision and/or department of the CITY OF LOS ANGELES, and all officers

COMPLAINT FOR DAMAGES

employed by said Department are employees of Defendant CITY OF LOS ANGELES. The CITY OF LOS ANGELES and its officers, employees, and agents are responsible for Plaintiff's damages under 42 U.S.C. § 1983 and California law.

6.    Defendant CITY OF LOS ANGELES was at all times mentioned herein, engaged in owning, operating, maintaining, managing, and doing business as a Police Department in the CITY OF LOS ANGELES, State of California. All of the acts complained of herein by Plaintiff against Defendant CITY OF LOS ANGELES were done and performed by said Defendant CITY OF LOS ANGELES by and through its authorized agents, servants, and/or employees, and each of them, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendant CITY OF LOS ANGELES and its employees and/or agents ratified, condoned, permitted, and/or authorized the conduct of its employees, or agents, all of the acts complained of herein, and is vicariously liable for the wrongful conduct of its employees or agents. Pursuant to California Government Code § 818, Plaintiff does not allege punitive damages against the CITY OF LOS ANGELES.

7.    Defendant Officers CARLOS, DEHARO, JOHNSON, and KIEFER were at all relevant times police officers employed by the LAPD and the CITY OF LOS ANGELES. At all times relevant hereto, said defendants were acting within the course and scope of their employment with the CITY OF LOS ANGELES. At all times relevant herein, said defendants were acting under color of law, under the color of statutes, ordinances, regulations, policies, customs, practices and usages of Defendant CITY OF LOS ANGELES and its police department. Defendant Officers CARLOS, DEHARO, JOHNSON, and KIEFER are all sued in their individual capacity.

COMPLAINT FOR DAMAGES

8.     At all times herein mentioned, Plaintiff is informed and believes and thereon alleges that individual DOE DEFENDANTS 1 through 10 were residents of the County of Los Angeles and were police officers, sergeants, detectives, and/or employees, agents and/or representatives of the LAPD, and were thus employees and agents of Defendant CITY OF LOS ANGELES. At all times relevant hereto, said defendants were acting within the course and scope of their employment with the LAPD.

9.     Plaintiff is unaware of the true names and capacities of defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, and therefore has named these defendants by using fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when same shall have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that the respective injuries of Plaintiff as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

10.     Defendants CITY OF LOS ANGELES, Officers CARLOS, DEHARO, Sergeants JOHNSON and KEIFER, and DOES 1-10 are referred to collectively as "Defendants."

11.     Plaintiff is informed and believes and thereon alleges that each Defendant is, and at all times mentioned was, the agent, employee, or representative of each other Defendant.  Each Defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority or the alleged acts and omissions of each Defendant as agent subsequently were ratified and adopted by each other Defendant as principal.

COMPLAINT FOR DAMAGES

12.     Plaintiff is informed and believes and thereon alleges that all Defendants, at all times relevant to the allegations herein, acted under color of federal and/or state law.  Liability under California law for all government entity Defendants and employees is based upon California Government Code § 815.2 and § 820, *et seq*.

13.     The CITY OF LOS ANGELES and its supervisors and officials, with deliberate indifference to the constitutional rights of persons within its jurisdiction, maintained, or permitted official policies, practices, or customs that violated Plaintiff's constitutional rights.  Based upon the principles set forth in <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658 (1978), the CITY OF LOS ANGELES is liable for all injuries sustained by Plaintiff as set forth herein.  The CITY OF LOS ANGELES's liability arises from the fact that its policies, procedures, and customs were a direct and legal cause of Plaintiff's damages.

## <u>FACTS COMMON TO ALL CAUSES OF ACTION</u>

14.     On or about June 10, 2022, Defendants CARLOS and DEHARO were patrolling in the Pacoima neighborhood near Plaintiff's residence in Los Angeles, California on foot.

15.     At that same time and in that same place, Plaintiff LUGO, sixteen-years old at the time, was sitting in a car in the parking lot of his residence with a friend, Mr. Gomez. Plaintiff was sitting in the passenger seat, and Mr. Gomez sat in the driver's seat.

16.     Defendants CARLOS and DEHARO approached Plaintiff LUGO – allegedly on the grounds that Plaintiff LUGO had thrown some black metallic thing in the backseat of the car. Plaintiff asserts that there was no reasonable suspicion and/or probable cause to approach and detain him, and nothing metallic was ever found.

17.    Officers CARLOS and DEHARO ordered Plaintiff LUGO and Mr. Gomez to exit their vehicle immediately, and Plaintiff LUGO got out of the car with his hands up in a surrendering position.

18.    For some unknown reason, Officer CARLOS grabbed Plaintiff LUGO and pushed him to the ground. Becoming scared for his life, Plaintiff LUGO tried to get away from Officer CARLOS's attack on his person.

19.    One of the officers then pushed Plaintiff LUGO to the ground again and handcuffed him.  While Plaintiff LUGO lay on the ground, Officer DEHARO punched Plaintiff LUGO in his face multiple times, while Officer CARLOS tasered him on his buttocks and back at least three separate times.

20.    Sergeant JOHNSON responded to the scene and conducted a Use of Force investigation.  Plaintiff is informed and believes and thereon alleges that Sergeant JOHNSON was the field supervisor who was responsible for and gave approval for Officers CARLOS and DEHARO to falsely arrest Plaintiff and justified the unlawful use of force against Plaintiff.

21.    Without legal cause or justification, Defendant Officers CARLOS and DEHARO then arrested and transported Plaintiff LUGO to the LAPD Foothill Police Station.  Realizing that Plaintiff LUGO was in need of medical attention from the use of excessive force, the officers then transported Plaintiff LUGO to Olive View UCLA Medical Center to be treated for his injuries.

22.    Plaintiff LUGO was then taken back to the LAPD Foothill Police Station once again, where he was booked.  Subsequently, Plaintiff was released to his mother.

23.    Defendants CARLOS, DEHARO, and DOE DEFENDANTS 1 through 10 authored one or more reports regarding the circumstances surrounding Plaintiff's arrest.  In these reports, Defendants CARLOS, DEHARO, and DOES 1-10 made a number of false and/or misleading statements in an effort to justify

COMPLAINT FOR DAMAGES

the arrest and use of force against Plaintiff, including but not limited to 1) witnessing Plaintiff throwing a black metallic object resembling a gun into the back seat (nothing was ever found), 2) Plaintiff refused to comply with commands to raise his hands, 3) Plaintiff had an uncooperative behavior, 4) Plaintiff attacked the officers when he exited the car, 5) Plaintiff attempted to bite an officer, and 6) Plaintiff resisted arrest so as to justify punching him and tasering him.

24.     Plaintiff is informed and believes and thereon alleges that Sergeant KIEFER was the watch commander on duty who approved the false arrest of Plaintiff, after discussions with Officers CARLOS and DEHARO, as well as the criminal prosecution of Plaintiff for Penal Code 69. Sergeant KIEFER knew or should have known that Plaintiff was innocent of the charges.

25.     At no point did any officer who was involved make an attempt to intervene and prevent the false arrest, false imprisonment, battery, tasering, fabrication of evidence, or malicious prosecution of Plaintiff LUGO, despite knowing that there was no probable cause to do so. Defendants also did not have the required reasonable suspicion to detain Plaintiff.

26.     Defendants, and each of them, including the CITY OF LOS ANGELES through the LAPD, its employees, agents, including all employees working at the time that Plaintiff was injured, acted with gross negligence, deliberate indifference to Plaintiff's constitutional rights, and with a reckless disregard for the health and safety of Plaintiff.

27.     The misrepresented statements of Defendants CARLOS, DEHARO and/or DOE DEFENDANTS 1 through 10 caused Plaintiff to be prosecuted for a violation Penal Code 69.

28.     The criminal charges against Plaintiff were ultimately dismissed on or about February 21, 2024.

COMPLAINT FOR DAMAGES

29.     As a direct and proximate result of the aforementioned acts of said Defendants, Plaintiff LUGO suffered the violation of his Constitutional rights. Plaintiff has sustained severe and permanent physical, emotional, and psychological injuries, which have caused him to seek the care of hospitals, physicians, surgeons, and other professional medical personnel.  Plaintiff also suffered emotional distress from the events on June 10, 2022 with officers, and loss of earnings.  The amount of damages suffered by Plaintiff will be subject to proof at the time of trial, and exceeds the jurisdictional amount of this Court.

30.     The aforementioned acts of said individual Defendants CARLOS, DEHARO, JOHNSON, KIEFER, and DOES 1-10 were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants.

## FIRST CAUSE OF ACTION

## DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

## EXCESSIVE USE OF FORCE

## (AGAINST DEFENDANTS CARLOS, DEHARO, and DOES 1-10)

31.     Plaintiff hereby re-alleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

32.     This action is brought pursuant to 42 U.S.C. Section 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution.

33.     At all times relevant hereto, Plaintiff LUGO possessed the right, guaranteed by the Fourth Amendment to the United States Constitution, to be free from unreasonable uses of force by police officers acting under the color of law.

34.     As described herein above, Defendants CARLOS, DEHARO, and DOES 1 through 10 violated Plaintiff LUGO's Fourth Amendment rights, by

unlawfully and unreasonably using excessive force in placing Plaintiff under arrest.

35.    In performing the aforementioned acts, including throwing Plaintiff to the ground, punching Plaintiff in the face and tasering him in the buttocks, even while handcuffed, Defendants acted specifically with the intent to deprive Plaintiff of his Constitutional rights under the Fourth Amendment to be free from unreasonable use of force, rights of which as police officers, they were fully aware.

36.    Said Defendants subjected Plaintiff to the aforementioned deprivations with either actual malice, deliberate indifference or a reckless disregard of his rights under the United States Constitution.

37.    As a direct and proximate result of the aforementioned acts of said Defendants, Plaintiff suffered the violation of his Constitutional rights as described above. Plaintiff has sustained severe and permanent physical, emotional and psychological injuries, including pain and suffering, loss of enjoyment of life, which have caused him to seek the care of hospitals, physicians and other professional medical personnel.  Plaintiff's injuries have also affected and will continue to affect his ability to work, diminishing his earnings. The amount of damages suffered by Plaintiff will be subject to proof at the time of trial, and exceeds the jurisdictional amount of this Court.

38.    The aforementioned acts of said individual Defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

## DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

## UNLAWFUL DETENTION

**(AGAINST DEFENDANTS CARLOS, DEHARO and DOES 1-10)**

39.     Plaintiff hereby re-alleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

40.     Defendants CARLOS, DEHARO, and DOE DEFENDANTS 1-10's actions deprived Plaintiff of his rights under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment, including but not limited to unreasonable searches and seizures.  Plaintiff was also deprived of his liberty without due process of law, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.  Plaintiff brings his claims for damages for the violation of these rights based on 42 U.S.C. § 1983.

41.     Defendants CARLOS, DEHARO, and DOES DEFENDANTS 1-10 violated Plaintiff's rights under the Fourth and Fifth Amendments, *inter alia*, by subjecting Plaintiff to wrongful detention on or about June 10, 2022, despite the fact that there was no reasonable suspicion and/or no probable cause to do so.  Said defendants acted unreasonably with deliberate indifference to Plaintiff's constitutional rights and deliberately and intentionally caused Plaintiff's detention in violation of Plaintiff's rights under the Fourth and Fifth Amendments to the United States Constitution.  Defendants CARLOS, DEHARO, and DOES 1-10 acted under color of law and their authority as LAPD's officers/employees.

42.     As a direct and proximate result of the aforementioned acts of said Defendants, including approaching Plaintiff at gunpoint and demanding that he step out of the car when he was merely sitting in it with a friend in the parking lot of his own residence, Plaintiff suffered the violation of his Constitutional rights as described above. Plaintiff has sustained severe and permanent physical, emotional and psychological injuries, including emotional distress, humiliation, fear, anxiety, torment, shock, degradation, damage to reputation, loss of earnings, medical expenses, and other damages.  Plaintiff is entitled to general and

compensatory damages in amounts to be proven at trial.  The amount of damages suffered by Plaintiff will be subject to proof at the time of trial, and exceeds the jurisdictional amount of this Court.

43.    The aforementioned acts of said individual Defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

### THIRD CAUSE OF ACTION
### DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983
### FALSE ARREST & IMPRISONMENT
### (AGAINST DEFENDANTS CARLOS, DEHARO, JOHNSON, KIEFER, and DOES 1-10)

44.    Plaintiff hereby re-alleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

45.    Defendants' actions deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, including but not limited to arrest without probable cause and violation of due process.  Plaintiff brings his claims for damages for the violation of these rights based on 42 U.S.C. § 1983.

46.    Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments, *inter alia*, by subjecting Plaintiff to false arrest and imprisonment on or about June 10, 2022 despite the fact that there was no probable cause to do so.  Defendants acted unreasonably with deliberate indifference  to Plaintiff's constitutional rights and deliberately and intentionally caused Plaintiff's arrest and imprisonment in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

COMPLAINT FOR DAMAGES

47.    As a direct and legal result of the acts and omissions of Defendants, Plaintiff has suffered emotional distress, humiliation, fear, anxiety, torment, shock, degradation, damage to reputation, loss of earnings, medical expenses, and other damages.  Plaintiff is entitled to general and compensatory damages in amounts to be proven at trial.  The amount of damages suffered by Plaintiff will be subject to proof at the time of trial, and exceeds the jurisdictional amount of this Court.

48.    The aforementioned acts of said individual Defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## FOURTH CAUSE OF ACTION

## DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

## *MONELL* VIOLATIONS

## (AGAINST DEFENDANT CITY OF LOS ANGELES and DOES 1-10)

49.    Except as to the punitive damages allegations, Plaintiff hereby re-alleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

50.    At all times relevant herein, Defendant CITY OF LOS ANGELES and the Los Angeles Police Department, through gross negligence and in deliberate indifference to the Constitutional rights of citizens, employed, maintained and permitted an official policy, practice, and/or custom of permitting, allowing, ratifying and condoning the occurrence of the types of wrongs and misconducts set forth herein. Said misconduct was encouraged, tolerated and condoned by said Defendant.

51.     At all times pertinent to this Complaint, Defendants CARLOS, DEHARO, JOHNSON, KIEFER and DOE DEFENDANTS 1 through 10, acting within the course and scope of their duties as peace officers of Defendant CITY OF LOS ANGELES, deprived Plaintiff of his rights to be free from unreasonable seizures and unlawful arrest as delineated herein above, and thereafter in violation of Plaintiff's due process rights, proceeded to fabricate, conceal and misrepresent evidence, submit false police reports so that Plaintiff would be found guilty of the false charges.

52.     Said policies, procedures, customs and practices also called for Defendant CITY OF LOS ANGELES and its Police Department not to discipline, prosecute, or objectively and/or independently investigate or in any other way, deal with or respond to known incidents and complaints of unlawful detention, false arrests and imprisonment, use of excessive force, falsification of evidence, the preparation of false police reports to justify such wrongful conduct, to cover-up and conceal such wrongful conduct by LAPD and for Defendant CITY OF LOS ANGELES to fail to objectively and/or independently investigate or in any other way, deal with or respond to the related claims and lawsuits made as a result of such false arrests and related misconduct.

53.     Said policies, procedures, customs and practices called for and led to the refusal of said Defendant CITY OF LOS ANGELES to investigate complaints of previous incidents of unlawful detention, false arrests and imprisonment, use of excessive force, the filing of false police reports to conceal such misconduct, the falsification evidence and perjury and, instead, officially claim that such incidents were justified and proper.

54.     Said policies, procedures, customs and practices called for said Defendants, by means of inaction and cover-up, to encourage an atmosphere of lawlessness within the LAPD and to encourage their police officers to believe that

COMPLAINT FOR DAMAGES

improper detention and arrest of residents of LOS ANGELES or persons present therein, the submission of false police reports, and the commission of perjury was permissible and to believe that unlawful acts of falsification of evidence and perjury would be overlooked without discipline or other official ramifications.

55.     Said policies, procedures, customs and practices of Defendant CITY OF LOS ANGELES has evidenced a deliberate indifference to the violations of the constitutional rights of Plaintiff.  This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices in light of prior knowledge by said Defendants and their subordinate policymakers of indistinguishably similar incidents of unjustified, unlawful arrests, falsification of evidence, evidence tampering, submission of false police reports and perjury.

56.     On information and belief, deliberate indifference to the civil rights of victims of the Defendant CITY OF LOS ANGELES's Police Department, unlawful detentions and arrests, falsified evidence, false and misleading police reports and false and perjurious testimony was also evidenced by said Defendants by their ignoring of the history and pattern of prior civil lawsuits alleging civil rights violations, similar to those alleged herein, arising from such misconduct and the related payment of judgments to such individuals.

57.     Plaintiff is informed and believes and therein alleges that these customs and practices and policies were the moving force behind the violations of Plaintiff's respective rights. Based upon the principles set forth in *Monell v. New York Dept. Of Social Services*, Defendant CITY OF LOS ANGELES is liable for all of the injuries and damages sustained by Plaintiff as set forth in this Complaint, including severe and permanent physical, emotional and psychological injuries, pain and suffering, medical expenses, loss of earnings, loss of enjoyment of life and attorney's fees and costs pursuant to 42 U.S.C. § 1983.

COMPLAINT FOR DAMAGES

# FIFTH CAUSE OF ACTION

## DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983 –

## FALSE EVIDENCE VIOLATIONS

### (AGAINST DEFENDANTS CARLOS, DEHARO, AND DOES 1-10)

58.     Plaintiff hereby re-alleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

59.     Defendants CARLOS, DEHARO, and DOES 1-10, while acting under color of law, deprived Plaintiff of his right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution, by providing false evidence non-testimonial evidence in reports and statements outside of live testimony that was forwarded to Plaintiff's prosecutor, which was likely to, and in fact did, influence the prosecutor's decision to criminally charge Plaintiff with a violation of Penal Code 69 and resulted in a deprivation of liberty. The provision of such false evidence set in motion a reasonably foreseeable chain of events leading to the presentation of false evidence in Plaintiff's criminal case.

60.     Such false evidence includes but is not limited to Defendants CARLOS, DEHARO, and DOES 1-10's false arrest report and related statements, which were created and used by the prosecution to criminally charge Plaintiff and deprive him of his liberty.

61.     Said Defendants knew or should have known such evidence was false, and said Defendants engaged in such conduct with deliberate indifference to and/or reckless disregard for the truth and for Plaintiff's rights secured by the United States Constitution and Amendments thereto.

62.     The constitutional source against using false evidence is primarily the due process clause of the Fifth and Fourteenth Amendments, and Plaintiff's due process rights were violated by the conduct alleged herein.  Plaintiff brings this claim as both a procedural and substantive due process violation.  To the extent that

any court were to conclude that the source of Plaintiff's right to not have false evidence used against him is any constitutional source other than due process (such as the Fourth Amendment), this claim is brought on those bases as well.

63.    As a direct and proximate result of the aforementioned acts of said Defendants, Plaintiff suffered the violation of his Constitutional rights as described above. Plaintiff has sustained severe and permanent physical, emotional and psychological injuries, including pain and suffering, loss of enjoyment of life, which have caused him to seek the care of hospitals, physicians and other professional medical personnel.  The amount of damages suffered by Plaintiff will be subject to proof at the time of trial, and exceeds the jurisdictional amount of this Court.

64.    The aforementioned acts of said individual Defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## SIXTH CAUSE OF ACTION

### JOINT ACTION/CONSPIRACY TO VIOLATE CIVIL RIGHTS, 42 U.S.C. § 1983

### (AGAINST DEFENDANTS CARLOS, DEHARO, JOHNSON, KIEFER, AND DOES 1-10)

65.    Plaintiff hereby re-alleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

66.    Defendants CARLOS, DEHARO, JOHNSON, KIEFER, and DOES 1-10 were each jointly and severally responsible for ensuring they, and each of them, did not falsely arrest and use false evidence against Plaintiff, and each engaged in the unconstitutional conduct alleged herein, and failed to prevent it, which each had

COMPLAINT FOR DAMAGES

a responsibility to do, and each ratified, failed to prevent, approved or acquiesced in it.

67.    Defendants CARLOS, DEHARO, JOHNSON, KIEFER, and DOES 1-10, acting under color of state law, conspired and agreed to deprive Plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution against false arrests and the creation and submission of false evidence, outside of live testimony which would result in a deprivation of liberty, because the false arrest or the provision of such false evidence would set in motion a reasonably foreseeable chain of events leading to the presentation of false evidence in the charging of Plaintiff and/or the subsequent criminal case against Plaintiff.  Each creation or submission of false evidence and information, as well as any act related to such creation or submission of such information, constitutes an overt act in furtherance of the conspiracy.

68.    As a direct and proximate result of the aforementioned acts of said Defendants, Plaintiff suffered the violation of his Constitutional rights as described above. Plaintiff has sustained severe and permanent physical, emotional and psychological injuries, including pain and suffering, loss of enjoyment of life, which have caused him to seek the care of hospitals, physicians and other professional medical personnel.  The amount of damages suffered by Plaintiff will be subject to proof at the time of trial, and exceeds the jurisdictional amount of this Court.

69.    The aforementioned acts of said individual Defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

### SEVENTH CAUSE OF ACTION

COMPLAINT FOR DAMAGES

**DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983 –**

**SUPERVISORIAL LIABILITY**

**(AGAINST DEFENDANTS JOHNSON, KIEFER, and DOES 1-10)**

70.    Plaintiff hereby re-alleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

71.    Plaintiff is informed and believes and thereon alleges that Defendants JOHNSON, KIEFER, and DOES 1-10, including but not limited to unknown supervisory employees and officials, knew, or in the exercise of reasonable care, should have known of a history and propensity and pattern at the time of this incident for the LAPD to fail to train and ensure that LAPD officers do not provide false evidence to support false arrests and unlawful detentions of citizens. Defendants' disregard of this knowledge or failure to adequately investigate, discover, and correct such acts or failure to act was a moving force which caused the violation of Plaintiff's constitutional rights.

72.    Plaintiff is informed and believes and thereon alleges that prior to the Plaintiff's arrest alleged herein, Defendants JOHNSON, KIEFER, and DOES 1-10, acting under the color of their authority as supervisors of officers, employees, and/or agents, including Defendants CARLOS, DEHARO, and DOES 1-10, and in the course and scope of their employment as such, committed similar acts of failing to supervise and train their subordinates to ensure that LAPD officers, employees, and/or agents do not provide false evidence to support false arrests or unlawful detentions of citizens, or use excessive force on citizens, and ensuring that there is the requisite probable cause to make arrests and reasonable suspicion for unlawful detentions, and ensuring that citizens are not subjected to excessive force.

73.    Plaintiff is further informed and believes and thereon alleges that Defendants JOHNSON, KIEFER, and DOES 1-10, knew, or in the exercise of reasonable care should have known, of this pattern or practice of unconstitutional

violations, or the existence of facts which create the potential of unconstitutional violations, or the existence of facts which create the potential of unconstitutional acts, and these Defendants JOHNSON, KIEFER, and DOES 1-10 had a duty to train and instruct their subordinates to prevent similar acts to other citizens, but failed to take steps to properly train, supervise, investigate, or instruct officers, and/or agents or employees, and to retain officers who had a history of inappropriate conduct, including Officers CARLOS and DEHARO and as a result Plaintiff was harmed in the manner threatened by the pattern or practice.

74.    At all times mentioned, and prior thereto, Defendants JOHNSON, KIEFER, and DOES 1-10 had the duty to perform the following and violated that duty: 1) train, supervise, and instruct officers, employees, and agents, including Defendants CARLOS, DEHARO and DOES 1-10 to ensure that they respected and did not violate federal and state constitutional and statutory rights of citizens; 2) discipline and to establish procedures to correct past violations, and to prevent future occurrences of violation of constitutional rights of citizens, by not condoning, ratifying, and /or encouraging the violation of Plaintiff's and other citizens' constitutional rights.

75.    As a direct and proximate result of the aforementioned acts of Defendants DOES 1-10, Plaintiff suffered the violation of his Constitutional rights as described above. Plaintiff has sustained severe and permanent physical, emotional and psychological injuries, including pain and suffering, loss of enjoyment of life, which have caused him to seek the care of hospitals, physicians and other professional medical personnel, as well as loss of earnings and other damages.  The amount of damages suffered by Plaintiff will be subject to proof at the time of trial, and exceeds the jurisdictional amount of this Court.

76.    The aforementioned acts of said individual Defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary

COMPLAINT FOR DAMAGES

and punitive damages as to said individual Defendants as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## **PRAYER**

Wherefore, Plaintiff prays for judgment against each defendant as follows:

1.    For compensatory and general damages, past, present and future, and for emotional and psychological distress and injury, and pain and suffering, in an amount according to proof and in excess of this court's jurisdiction;

2.    For special damages in an amount according to proof;

3.    For loss of earnings and other economic or pecuniary damages, according to proof;

4.    For medical expenses in amount according to proof;

5.    For punitive or exemplary damages where alleged against the individual defendants only and not as to Defendant CITY OF LOS ANGELES;

6.    For legal interest on the judgment;

7.    For costs of the suit and reasonable attorneys' fees pursuant to 42 U.S.C. §1988;

8.    For such other and further relief as the Court may deem just and proper.

Dated: June 28, 2024                    **LAW OFFICES OF DO KIM, APLC**

By:    _/s/ James Do Kim_
James Do Kim, Esq.
*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiff CUAUHTEMOC LUGO respectfully requests that the present matter be set for a jury trial for all issues so triable

Dated: June 28, 2024                    **LAW OFFICES OF DO KIM, APLC**

By:    */s/ James Do Kim*
James Do Kim, Esq.
*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES